The Honorable Karen A. Overstreet
Chapter 11
Location: Seattle, 7206
Hearing Date: To be set
Hearing Time: To be set
Response Date: At Time of Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>PRECISION AIRMOTIVE, LLC,<br><br>Debtor. | Case No. 12-22154<br><br>**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES, COMMISSIONS AND EMPLOYEE EXPENSES, TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES, AND DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS** |

Precision Airmotive, LLC ("Precision" or the "Debtor"), as debtor and debtor-in-possession, files this Motion (the "Payroll Motion") and respectfully represents as follows:

**Relief Requested**

1. The Debtor seeks entry of an order authorizing the payment of certain prepetition wages and other employment expenses, including wages, salaries and commissions; vacation, holiday, and sick pay; life, disability, medical, and dental insurance benefits; 401(k) retirement plan contributions and related fees; and accrued employment taxes, all relating to Debtor's employees; and to reimburse employee out-of-pocket business

MOTION FOR ORDER AUTHORIZING
DEBTOR TO PAY PREPETITION
WAGES - 1

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 1 of 8

expenses (collectively, the "Payroll Expenses"). In addition, the Debtor seeks an authorization allowing banks to honor Debtor's prepetition payroll and expense checks.

**Jurisdiction**

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor and debtor-in-possession.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

**Background**

4. On December 7, 2012 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. Precision is a Washington limited liability company headquartered in Marysville, Washington. Precision manufactures and sells fuel control systems for general aviation aircraft. Grafenauer Decl. ¶¶ 3, 6.

6. Additional information concerning Precision's business activities and the need for restructuring can be found in the declaration of Declaration, filed concurrently with this motion.

7. This Chapter 11 filing likely will cause feelings of uncertainty and consternation among Precision's employees regarding their future with the company. Precision therefore needs to demonstrate stability to its employees by promptly meeting all payroll obligations, including wages, benefits, expense reimbursements and tax payments. Grafenauer Decl. ¶ 29.

MOTION FOR ORDER AUTHORIZING
DEBTOR TO PAY PREPETITION
WAGES - 2

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 2 of 8

8. The Payroll Motion seeks authority to continue the regular payment of all wages, salaries and other employment-related expenses as they come due in the ordinary course of business, including Payroll Expenses that were incurred prepetition. The Debtor believes that the timely payment of the Payroll Expenses is essential to maintain its ongoing operations and maximize the value of its assets. Grafenauer Decl. ¶ 34. Such payments will provide a fair and equitable treatment of the Debtor's employees and their families, and, in the long run, are in the best interests of Debtor's creditors.

9. A summary of the Debtor's next anticipated payroll, is as follows:

| NUMBER OF EMPLOYEES | PAY PERIOD | SCHEDULED PAYROLL DATE | ESTIMATED PAYROLL EXPENSES |
|---|---|---|---|
| 18 | 11/24/12 – 12/8/12 | 12/13/12 | $66,500 |

10. Each of the Debtor's employees' claims for prepetition wages or reimbursement expenses will be less than $11,725, the amount entitled to priority status under Section 507(a)(4) of the Code. Grafenauer Decl. ¶ 31. Debtor only seeks authority to pay prepetition wages or reimbursement expenses up to the amount of $11,725 for each employee.

11. The Debtor's business operations include providing its employees with a variety of benefits, including medical, dental, vacation and sick time, life insurance, a 401(k) retirement plan, and optional supplemental insurance programs through AFLAC. Grafenauer Decl. ¶ 32.

12. The Debtor maintains the following benefit plans for its employees, with average monthly and annual costs as indicated:

**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES -** 3

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 3 of 8

| Type | Company | APPROXIMATE COST | |
|---|---|---|---|
| | | Monthly | Annual |
| **Medical & Dental** | MBA/MBA Trust | $ 9,066 | $ 108,792 |
| **Life** | Mutual of Omaha | 858 | 10,296 |
| **401(k) Plan** | Charles Schwab Trust Co. | 13,873 | 166,480 |
| **Accident Insurance** | Aflac | 23 | 276 |

Grafenauer Decl. ¶ 33.

13. Failing to pay wages and other compensation earned prepetition or disrupting the payment of benefits would be detrimental to employee morale and would hinder the Debtor's ability to maintain its ongoing operations and maximize the value of its assets. Grafenauer Decl. ¶ 34.

## Basis for Relief

14. The Debtor seeks the relief requested in this Payroll Motion because any delay in paying Payroll Expenses and maintaining the employee benefit plans will strain the Debtor's relationships with its employees and negatively impact employee morale at the very time when the dedication, confidence and cooperation of the employees is most critical. Debtor faces the imminent risk that its operations will be significantly impaired if it is not immediately granted authority to make the payments described in this Motion. At this critical and early stage, the Debtor simply cannot risk the substantial disruption to its business operations that would inevitably attend any decline in workforce morale attributable to failure to pay the Payroll Expenses as they come due in the ordinary course.

15. Because the amounts represented by the Payroll Expenses are needed to enable the employees to meet their own personal obligations, absent the relief requested herein, the employees will suffer undue hardship and, in many instances, serious financial
**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES -** 4

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 4 of 8

difficulties.  Section 507(a)(4) of the Code provides that each employee may be granted a priority claim for allowed unsecured claims of up to $11,725 for compensation earned within the 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first.  This compensation includes wages, salaries, or commissions, as well as vacation, severance, and sick leave pay earned by an individual.

16. Section 507(a)(5) grants employees a priority claim for contributions to an employee benefit plan arising from services rendered within 180 days before the date of the filing of the petition (or the date of the cessation of the debtor's business, whichever occurs first).  Amounts eligible for priority under section 507(a)(5) are subject to a per-employee cap of $11,725, less any amount paid to the employee under section 507(a)(4).

17. The Debtor believes that the amount of Payroll Expenses for each employee will not exceed the sum of $11,725 allowable as a priority claim under sections 507(a)(5) and (5), and only seeks authority to pay claims up to that amount.  Grafenauer Decl. ¶ 34.

18. Courts routinely recognize the validity of the foregoing justifications for allowing debtors to pay prepetition compensation, deductions and benefits and, as a result, routinely have granted relief similar to that requested herein.

19. As the debtor-in-possession, Debtor has the authority to adopt reasonable employment policies, subject to the applicable provisions of the Code and may use, sell, or lease property of the bankruptcy estate to continue its operations.  11 U.S.C. §§ 363(b), 1107, 1108.  In addition, the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

20. Payment of the Payroll Expenses requires the use of property of the Debtor's bankruptcy estate.  Debtor believes it is a prudent exercise of its business judgment to use its

**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES -** 5

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

assets to timely pay all wages and employment related expenses, whether prepetition or postpetition, as they come due in the ordinary course of business. Authorizing the payment of prepetition employment expenses likewise is an appropriate exercise of the Court's discretion under sections 105 and 363(b) of the Code. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); *In re Structurlite Plastics, Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1998) (immediate payment of a prepetition claim may be authorized where it is vital to the reorganization of a Chapter 11 debtor). See also, *In re Adams Apple, Inc.*, 829 F.2d 1484, 1490 (9th Cir. 1987) (payments to providers of "unique and irreplaceable" services can be justified because the goal of debtor rehabilitation supersedes the policy of equal treatment of creditors).

21. Where, as here, payment of prepetition employee wages, benefits and expenses is essential to the continued operation of the debtor, it should be approved. *Ionosphere Clubs,* 98 B.R. at 176-77. The Debtor requires the continued effort and support of its employees to have a chance for successful reorganization. In exchange for the continued support of its employees, Debtor must be able to assure its employees that their paychecks will continue to arrive on time and that their medical insurance and other benefits will continue uninterrupted.

### Notice

22. No request has been made for the appointment of a trustee or examiner, and no official creditors committee has yet been established in this case.

23. Notice of this Payroll Motion has been given by electronic mail, facsimile or overnight courier to: (a) the Office of the United States Trustee; (b) Coastal Community Bank; (c) each of the Debtor's twenty (20) largest unsecured creditors; and (d) all parties

MOTION FOR ORDER AUTHORIZING
DEBTOR TO PAY PREPETITION
WAGES - 6

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 6 of 8

known by Debtor to claim any lien on or security interest in any of Debtor's assets. In light of the relief requested herein, the Debtor submits that no other or further notice is required.

### **Rule 6003(b)**

24. Bankruptcy Rule 6003(b) empowers a court to grant relief within the first 20 days after the filing of a petition "to the extent that relief is necessary to avoid immediate and irreparable harm." Ultimately, because of the critically important role played by Debtor's employees, failure to grant this Payroll Motion would threaten the continued retention of Debtor's employees and seriously harm the Debtor's estate. Accordingly, the Debtor meets the "immediate and irreparable harm" standard of Bankruptcy Rule 6003(b).

### **Conclusion**

25. Debtor requires the continued support of its employees in order to reorganize. If the Debtor is not allowed to satisfy prepetition payroll obligations, it risks the loss of its employees and the employees' support and disruption of its operations. For the foregoing reasons, Debtor respectfully asks the Court to enter an order approving payment of the Payroll Expenses including the following payments:

(a) Wages, salaries, benefits, and all federal, state, and local payroll-related taxes, deductions, and withholdings related to such payments accrued by Debtor's employees within ninety (90) days of the Petition Date not to exceed $11,725 per employee;

(b) Out-of-pocket business expenses incurred by Debtor's employees within ninety (90) days prior to the Petition Date;

(c) Payments to maintain and with respect to the employer-sponsored benefits coverage and other benefits set forth in paragraphs 11-12 above; and

(d) Contributions and administrative costs associated with the employees' retirement and 401(k) plan that arose or accrued prepetition.

**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES -** 7

67525-0023/LEGAL25281876.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 7 of 8

Debtor also requests entry of an order directing banks to honor all prepetition payroll and employee expense checks.

DATED: December 7, 2012.

**PERKINS COIE LLP**

By: /s/ John S. Kaplan
 John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
1201 Third Ave., Suite 4800
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Debtor
Precision Airmotive, LLC

**MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES -** 8

67525-0023/LEGAL25281876.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 12-22154-KAO    Doc 6    Filed 12/07/12    Ent. 12/07/12 13:26:04    Pg. 8 of 8